*MHW*

William Shanklin )     **United States Federal Court**
    Plaintiff in Pro Se )     **Northern District of Illinois**
                   )       **Western Division**

Vs. )

The College of Lake County Foundation )
Aka CLC or College of Lake County, )
Wally Bergstrom Jr. (CLC Public Safety )  C  **1:09-cv-05028**
Officer), Four Unnamed Public Safety )
Officers assisting Wally Bergstrom Jr, )     **Judge Marvin E. Aspen**
Unnamed On duty Dispatcher(s) )    Ju  **Magistrate Judge Jeffrey Cole**
August 14-2009 & September 18,2009 )
Unnamed CLC Public Safety )
Supervisor(s) On duty August 14-2009 & )
September 18,2009, Director of Public )
Safety Kevin Lowry, CLC VP DARL )     **RECEIVED**
Drummond, Current CLC President )         *8-13-2009*
Girard W. Weber )        AUG 1 3 2009
                 )
    Defendants )      MICHAEL W. DOBBINS
                 )   **CLERK, U.S. DISTRICT COURT**
                 )
                 )  **JURY TRAIL DEMANDED**

## COMPLAINT

Now comes Plaintiff, Plaintiff, William Shanklin, ("Plaintiff in Pro Se") a United States citizen, appearing pro se. Mr. Shanklin brings this complaint for violations of his individual and associational rights under the First, Fourth, Fifth, Sixth, Ninth and Fourteenth Amendments to the United States Constitution, for violations of his individual rights under the First, Fourth, Fifth, Sixth, Ninth and Fourteenth Amendments to the Constitution, in violation of 42 U.S.C. 1983, and violations of human rights under the First, Fourth, Fifth, Sixth, Ninth and Fourteenth Amendments to the State of Illinois Constitution and violations of multiple Illinois Statues, where most if not all violations originated in the County of Lake. State of Illinois and violations of multiple Illinois Statues, where most if not all violations originated in the County of Lake, Illinois as well.. Plaintiff makes the following complaint against defendants; The College of Lake County Foundation Aka CLC or College of Lake County, Wally Bergstrom Jr. (CLC Public Safety Officer), Four Unnamed Public Safety Officers assisting Wally Bergstrom Jr, Unnamed On duty Dispatcher(s) August 14-2009 & September 18,2009, Unnamed CLC Public Safety Supervisor(s) On duty August 14-2009 & September 18,2009, Director of Public Safety Kevin Lowry, CLC VP DARL Drummond, Current CLC President Girard W. Weber, of whom conspired, assisted or directly violated the constitutional rights of Plaintiff on multiple occasions and continued harm by continuing actions off supporting the malicious and false prosecution until Oct 2007 when all false charges brought

against Plaintiff were dismiss in his favor in the Lake County Circuit Court of the Nineteenth District. While all employees of College of Lake County were employed by the College of Lake County, Those working in the Public Safety Department are granted limited policing powers by the state which, they through their employment acted under the color of law in violating Plaintiff's constitutional rights of the United States, Plainitff's human right under the State of Illinois Constitution and committed various wrongs against the Plaintiff under Illinois State statues mentioned herein. The Plaintiff's complaint is for compensatory damages, nominal damages, as well as punitive damages, and other appropriate relief this court finds just and equitable.

## JURISDICTION and VENUE

1. This action is brought pursuant to 42 U.S.C. § 1983 to redress the deprivation under color of law of plaintiff's rights secured by United States Constitution.

2. This Court has jurisdiction of action pursuant to 28 U.S.C. § 1331, 1343 and 1367

3. Venue is proper under 28 U.S.C. § 1391(b)

## PARTIES

4. Plaintiff is a resident of Fox Lake, Illinois. At the time of incidents Plaintiff was a Resident of the State of Alabama with valid Alabama Driver's License. Studying out-of-state.

5. Defendant Wally Bergstrom Jr. aka Walter Bergstrom Jr. a College of Lake County Public Safety Employee, Licensed with Illinois Department Professional Regulations is sued in his individual and official capacities. It is believed most of his actions were while employed, but due to the retaliatory disruptive unprofessional behavior and hatred exhibited towards Plaintiff after a complaint was lodged with his supervisor, this defendant may not entirely be imdemnified.

6. Defendants Unnamed CLC Public Safety officers 1 through 3 whom assisted Wally Bergstrom Jr. on August 14, 2009 are employed by College of Lake County Public Safety Department, Unknown Illinois Department of Professional Regulation licensing status and are sued in their individual and official capacities.

7. Defendant Unnamed CLC Public Safety officers #4, whom assisted Wally Bergstrom Jr. on September 18, 2009 was employed by College of Lake County Public Safety Department, Unknown Illinois Department of Professional Regulation licensing status, is sued in his individual and official capacities.

8.  Defendant(s) Unnamed On-Duty Dispatchers (August 14, 2009 and September 18, 2009), employed by College of Lake County, Public Safety Department. Unknown Illinois Department of Professional Regulation licensing status, and are sued in their individual and official capacities

9.  Defendant(s) Unnamed CLC Public Safety Supervisor(s) (August 14, 2009 and September 18, 2009), employed by College of Lake County, Public Safety Department. Unknown Illinois Department of Professional Regulation licensing status, is sued in their individual and official capacities.

10. Defendant Director of Public Safety, Kevin Lowry, College of Lake County, Present during August 14 2009 alleged violations of Plaintiff Civil rights. The principal agent in developing policies, training, supervision of subordinates.

11. Defendant CLC VP Darl Drummond, College of Lake County acting President during alleged violations and harassment, whom took a non responsible position and personally allowed wrongful actions to flourish, and harassment to continue.

12. Defendant Current CLC President Girard Weber, employed by the College of Lake County, whom has allowed harassment to continue and unresolved issues to go unanswered.

13. Defendant officers are those CLC Public Safety Officers that were employed by the College to perform Public Safety roles with limited police powers by position only, that is they have restrictions to those whom are sworn police officers. At all times relevant to this complaint the defendant officers and those employed by the college named as defendants were acting in the course and scope of their employment, and under the color of law, ordinance, regulation and were involved.

14. All Defendant- CLC Public Safety Officers are sued in their individual and official capacities in connection with their employment..

15. Defendant Employer COLLEGE OF LAKE COUNTY an institution of higher learning also known as The College of Lake County Foundation and incorporated under the laws of the State of Illinois, and is the employer of CLC Public Safety Officers and those CLC employees of the CLC Public Safety Department also mentioned as defendants. CLC is sued for its just participation or omissions leading to the allegations. It is also sued for Negligence, improper training standards, improper policies and lack of supervision.

## PLAINTIFF REQUEST JURY TRAIL

16. Plaintiff acknowledges that any material of fact proven during the course of the trail the honorable Court may render a Judicial Decision pertaining to that fact.

17. Plaintiff acknowledges that the honorable court upon discovering criminal actions may hold over that party for criminal trail actions.

18. Plaintiff still demands a trail by jury pursuant to Federal Rule of Civil Procedure 38(b) on all triable issues.

## PLAINTIFF'S RIGHT TO FILE COMPLAINT

19. Plaintiff files this complaint within the two Year period of Statue of limitations as the civil right violations began on August 14, 2007 and continued through to the end of the false allegations being dismissed in Lake County Court of the Nineteenth District, during which a second occurrence taking place on Sept 18, 2007, in which Plaintiff's civil rights were violated. It is in the facts about May15, 2007 which Plaintiff feels important to make known as this case moves forward, as the Plaintiff feels the defendant Wally Bergstrom was purely retaliatory

20. For these facts supporting filing this close to limits of Illinois law that may lead Defendants to file dismissal motions under grounds of time barred action, in hopes of avoiding frivolous motions to dismiss, Plaintiff make known in this complaint, the following point (a. through g.)

   a. Although the Plaintiff partially acknowledges two year period to file such action under Illinois state laws, it is his understanding Constitutional redress shall be given to all citizens when rights are violated and under such, there is no mention of timiness to seek redress, in fact it mentions that no law shall be made to limit a citizen's ability to seek redress.

   b. Plaintiff acknowledge the court may use Illinois statue of limitation never the less, at which point the Plaintiff would bring to light the filing of action is the true period, not the first appearance or that of the defendants being served, the statue of limitation is designed for a complainant to bring forth a request for adjudication on matters unresolved between parties which can't be resolved without the assistance of the court..

   c. Plaintiff has on several occasions, sought to have the Defendants and particularly the College of Lake County do the right thing and arrive at a settlement which makes the plaintiff whole and ensures this possible harm doesn't fall to anyone else, unsuccessfully.

   d. Plaintiff makes it known that the defendants have actively sought to harm and have oppressed the Plaintiff of which despite concluding the

false allegations, the Plaintiff was still being harassed up to the end of the semester Fall 2007.

e. Plaintiff with Defendants inability or refusals to address harassment and the wrongful actions continued oppression of civil rights and the denial of education and educational benefits due Plaintiff, that the Plaintiff is currently, in the strongest belief of the plaintiff still being harassed and oppressed. Plaintiff strongly believes if he were to step on to the property he would certainly face more civil right violations.

f. Plaintiff has requested return of all illegally seized items, for which only Plaintiff's Alabama License was return, which Defendants are in violation of Illinois law, in the plaintiff strongest belief and by maintaining the il-taken property and non disclosure of updated or proper accident report to date, that the violations of certain rights due to plaintiff have been and are still creating cause for action.

g. The false allegations brought against plaintiff's on both August 14, 2009 and September 18, 2009 by Wally Bergstrom Jr, were dismissed on Plaintiff's Defendant motion to quash and Illinois State Attorney's decision to drop prosecution on Nov 29, 2007

## FACTUAL ALLEGATIONS AND INFORMATION

21. On or about May 15, 2007 in the midst of light rain, Plaintiff and a CLC employee was involved in a collision on Campus.

22. On or about May 15, 2007 the responding CLC Public Safety Officer was Wally Bergstrom Jr. Unknown who was operating dispatch desk.

23. On or about May 15, 2007 No scene investigation was done, but both parties to the collision were brought into the college hallways for the report filing. Driver's information was exchanged..

24. Record checks were performed with aid of unknown Illinois Police communication systems and linking to NCIC. Unknown dispatcher has responsibilities to perform in responding to hit confirmation.

25. On or about May 15, 2007 CLC Public Safety Officer Wally Bergstrom Jr. learns Plaintiff has outstanding warrants from Georgia. In addition to perform normal hit responses the CLC Public Safety Department learns College Park Police Department of Georgia does not want to extradite from Illinois.

26. During the May 15, 2007 Records check CLC Public safety was aware of three things pertaining to Mr. Shanklin.

    a. He had a warrant or two from College Park Police a sub division of Atlanta Police concerning complaints of returned rental cars, for which the Plaintiff is in dispute with.

    b. Second that College Park Police didn't want to extradite, as they processed the hit confirmation within normal protocols.

    c. Third the State of Illinois was reporting my Illinois privilege to drive suspended, contrary to Illinois statue.

27. After copying driver licenses and insurance paperwork, Wally Bergstrom Jr. releases both parties without requiring each to give statements.

28. Plaintiff is aware of warrants and has communicated with College Park Police Department prior to May 15, 2007 and matter surround rental cars, contracts and violation of federal consumer protection acts. Separate Court filing to resolve this has been undertaken.

29. On or About May 16, 2007, Plaintiff acquired a CLC Incident report, where the Plaintiff's told the director of Public Safety Kevin Lowry his opinion, having been a federal police officer (Great Lakes Naval Base Civilian capacity GS-0085-step 6) within the state of Illinois, of a incorrect reporting by this Public safety officer as many things are wrong and appears Walter is covering for the CLC employee.

30. On or about May 16, 2007 College of Lake County; Director of Public safety advised Plaintiff to draft a complaint / statement concerning his disagreement.

31. On or about May 17, 2007, Plaintiff deposited complaint against CLC Public Safety Officer Wally Bergstrom to the CLC Director of Public Safety, Kevin Lowry.

32. During the course from May 14, 2007 up to the incidents leading to this action, CLC Public Safety Officer Wally Bergstrom Jr. has on numerous occasions used privileged information in contacting former employers, former employees, present employers, old neighbors and family and friends and sought other agencies to do unauthorized inquiries resulting in unjust employment removals and diminished friends and family.

33. In providing the statement/ complaint on May 17th, 2007, CLC Public Safety was made aware of injuries Plaintiff was complaining Back injuries

34. In addition to harassing action mentioned in 32, Wally Bergstrom Contacted Plaintiff's insurance company GIECO and all assistance from them ceased. No medical, no damage recovery for the May 15, 2007 collision has yet to be obtained.

35. To present day, Walter Bergstrom or the college has failed to document accident of May 15, 2007 on proper Illinois transportation reporting forms, failed to provide to the party with updated police reports as required by Illinois statues.

36. On or About August 14, 2007 while Mr. Shanklin was sitting down inside the College Library using the Computers for some hours, during which registration for Fall 2007 was underway.

37. Plaintiff discovers a library block, asks circulation desk to check as the book was returned with the CDs borrowed and remove the block or let him know what the cost is and if discovered how long until money is refunded, because the book was returned. Library clerk was going to double check returned items.

38. Plaintiff returned to Computer usage inside the computer lab inside the CLC library, calmly awaiting their response.

39. Wally Bergstrom and three other CLC Public safety officers approached Plaintiff sitting and placed plaintiff under arrest spouting off that I am going to be extradited to Louisiana. Wally Bergstrom did the Handcuffing and made them too tight and didn't double lock them. Personal Belongings were seized and taken controlled by an assisting officer.

40. Plaintiff was lead by all four public safety officer taking part in the alleged false arrest and assisted escorting plaintiff out of the computer lab, out of the Library, and down the main hall instead of alternate less public hallway, past many students and past the payment office, pass the main foyer and brought into a makeshift locker room.

41. Plaintiff having been a DOD Police officer and educated in Criminal statues of Illinois, knew not only was the arrest falsely in nature, but he had no legal right to resist a unlawful arrest according to Illinois statues.

42. On Aug. 14, 2009 at or about 131pm at place of first custody, I noticed time from the clock, I had my handcuffs partially removed, released from one hand and cuffed to a chair. This is where a majority of my rights of an accused were violated in the hours of my confinement,

    a. I was not permitted during the long period of detention to use facilities despite my medical condition.

b. I was denied use of phone.

c. Plaintiff was denied an attorney unable to call, unable to have present during Wally Bergstrom Jr's questioning.

d. Plaintiff was forced to sign papers, tickets and bond paperwork that was in error, incorrectly filled out and in violation to his wishes.

e. Plaintiff was subjected to a partial strip search, having to remove articles of clothing while the door was free to open and close by facility members. Footwear was removed and inspected. Pockets emptied, belt removed, shoe strings removed.

f. Plaintiff's personal possessions which were carried by other officers and no probable cause existed were illegally search, despite being out of reach of plaintiff

g. Plaintiff's wallet was rummaged through and personal effects taken.

h. While detain the Plaintiff vehicle was located on the property. Impossible to know who drove it, Plaintiff not speaking, the vehicle was illegally entered, searched and items taken then impounded by towing off property and specifically assessing requirements for releasing.

i. Plaintiff was never given a complete inventory of items taken but per his request during first illegal detention, Wally Bergstrom Jr. did make copies of identifications taken from him.

43. On or about August 14, 2007 Towing on Plaintiff vehicle, damages were incurred both in monetary and physical damage to the exhaust system. Which defendant ordered parts and repaired himself at a temporary residence.

44. On or about August 14, 2007 Wally Bergstrom Jr. after having Plaintiff under false arrest was disappointed when new records check ran and processes done that College Park Police Department still didn't want to extradite.

45. On or about August 14, 2007 Wally Bergstrom Jr. issued two false Non Traffic citations for filing false police reports, but the citations were incorrectly filled in and knowing the charges to be false

46. On or about August 14, 2007 Wally Bergstrom Jr. issued three Traffic related violations, despite having arrested plaintiff inside the Library and knowing the charges to be false.

47. On or about August 14, 2007 Wally Bergstrom Jr. in a consorted effort to harm Plaintiff made remarks on a I-Bond and required Plaintiff to sign in barring Plaintiff from stepping onto the public property known as College of Lake

County grounds. In essence keeping Plaintiff from classes, from the Illinois unemployment office and various other public offices. Plaintiff believes this action may give cause for addition civil right violation under educational clause where plaintiff pursuit of education was discriminated because of one person's hatred of his disability, his race and accomplishments. But at this time Plaintiff refrains.

48. On or about August 14, 2007 Wally Bergstrom Jr. took control of personal property of Plaintiff in that an expired Illinois State FOID card was taken. This document was amongst other Expired Keep sakes of importance. The Plaintiff ability to keep personal records secure was damaged.

49. On or about August 14, 2007 Wally Bergstrom Jr. took control of personal property of Plaintiff in that All legally obtained FOP stickers and hard items were removed off and from inside the vehicle. During Plaintiff's period as a DOD police officer with Great Lakes Police department, Plaintiff belonged to FOP Lodge 7F and obtained those items legally and justly. Wally Bergstrom Jr. had an assisting officer take such possessions from the vehicle.

50. On or about August 14, 2007 Wally Bergstrom Jr took control of personal property of Plaintiff in that National Guard ID card was taken. This document was amongst Plaintiff's person effects and removing it limited his ability to get assistance and access the base. The Plaintiff ability to keep personal records secure was damaged.

51. On or about August 14, 2007 Wally Bergstrom Jr took control of personal property of Plaintiff in that an Alabama Driver's License was taken. This document was amongst other personal effects of importance. The Plaintiff ability to keep personal records secure was damaged.

52. On or about August 14, 2007 Wally Bergstrom Jr took control of personal property of Plaintiff in that CLC Student Library ID was taken. This document was amongst other personal effects of importance. The Plaintiff ability to keep personal records secure was damaged.

53. On or about August 14, 2007 Wally Bergstrom Jr. took control of personal property of Plaintiff in that an Expired IL PERC card was taken. This document was amongst other personal effects of importance. The Plaintiff ability to keep personal records secure was damaged.

54. On or about August 14, 2007 or shortly after, Plaintiff contacted the Acting President to cancel this bar, as unjust and improper, but the Acting President decided not to hear the facts and complaints against the Employee doing wrongs.

55. On or About August 17, 2007 in the City of Chicago, Plaintiff working with the Illinois Secretary of State office finally got Plaintiff's Illinois driving Privileges

straighten out, as the Office was incorrectly suspending Plaintiff's ability to drive in the state of Illinois.

56. During the course of Plaintiff defending himself against the false allegations from Wally Bergstrom Jr. his. Several motions of discovery were granted and given to State attorney and the College of Lake County and only part was fulfilled and those had, required Grayslake Police involvement.

57. CLC Public safety officer Wally Bergstrom Jr Police report indicates some personal effects of the Plaintiff was sent to officials. In response to one of the court's Order it was discovered His official report to the court was not truthful.

58. While fighting the onslaught of false charges in the Lake County court system, CLC Public Safety Officer was given certain court orders, documents and such including notice that the Plaintiff was a valid driver according to the State of Illinois.

59. Some point CLC Public Safety officer reported the false accusations he was making and may have transmitted copies of the tickets to the Alabama National guard and may also have release privileged information which resulted in both Plaintiff's security clearance to be revoked and release from service, as Plaintiff was released and document history shows these were done back-dating to make allegations of the accuser valid.

60. On or about Sept. 18 CLC Public safety officer Wally Bergstrom and another CLC public safety officer stalked Plaintiff and while he was committing an illegal movement with the vehicle, stopped the vehicle operated by Plaintiff but registered to his Brother "Christopher Shanklin"

61. On or about Sept. 18 after CLC Public Safety Officer Wally Bergstrom Jr. and another CLC public safety officer initiated an illegal stop, Plaintiff was in the middle of calling 911 from his cell.

62. On or about Sept. 18 CLC Public Safety Officer Wally Bergstrom Jr. reached into the passenger compartment and grabbed the phone at which time it fell to the ground and broke.

63. On or about Sept. 18 After the phone or during the phone was grabbed, Walter Bergstrom was yelling commands to shut the vehicle off and get out of the vehicle. It was then Plaintiff knew this stop was going to be another episode of false charges.

64. On or about Sept. 18 Plaintiff gave his Alabama License, registration and insurance paperwork to CLC Public Safety Officer Wally Bergstrom Jr.

65. On or about Sept. 18 CLC Wally Bergstrom Jr. Told Plaintiff to get in the back squad car, and plaintiff asked the Book bag be secured, which the assisting officer did. Before entering I was given a pat down search and things taken from my pocket.

66. Assisting CLC Public Safety Officer asked if he should park it since it has new ownership, but Wally told him to have it towed away.

67. As we approached the building on foot from the patrol vehicle, Wally Dropped my Digital Camera and responded "ops, wonder what motion will that be."

68. During this incarceration on Sept 18 2007, Wally Bergstrom Jr. gloated over the power to subject me to arrest anytime he feels. He issued 3 more false citations;

69. During this incarceration on Sept 18 2007, Wally illegal searched possessions and copied my un-open mail contents and other documents during an illegal search of my book back which was out of my possession.

70. During this illegal detention on Sept 18 2007 vehicle was towed causing injury to Plaintiff's brother, with whom Plaintiff had to transfer the vehicle from AL to IL to, in which caused injury to plaintiff both in monetary and emotional distress. In order to avoid losing the vehicle. In the room. The plaintiff was cuffed to the chair despite cooperating and being un cuffed in the patrol car. Plaintiff was not allowed to leave until he signed another il-made-up bond, upon refusing, Wally Bergstrom tore up the Bond and filled it in another.

71. On or About Sept 18, 2009, Plaintiff while in custody handcuff to a Chair asked and was denied the following.

   a. I was denied a drink despite having cotton mouth from the fear imposed.

   b. I was denied use of phone to contact the family attorney.

   c. Plaintiff was denied an attorney during questioning.

   d. Plaintiff was again forced to sign papers, tickets and bond paperwork that was in error, incorrectly filled out.

   e. Plaintiff's personal possessions which were carried by other officers and no probable cause existed was illegally search,

   f. While detained the Plaintiff property was illegally seized

72. During the time frame Wally Bergstrom Contacted the plaintiff's Headquarter and got the Soldier kicked out of the Guard in order to gain some satisfaction,

by publicizing information privileged or the false accusation he made. 15 years and two war time period of service ruined by remarks from one man and the actions of a personnel officer in the headquarter department of Alabama National Guard. Plaintiff security clearance is revoked.

73. Plaintiff refused to sign bond under statement which would violate his rights and such. At close to 11pm evening of Sept 18, 2009 Wally was not going to baby sit me, tore up the I bond and redrafted.

74. On or about Sept 18, 2007 Wally Bergstrom took control of personal property of Plaintiff in that an expired active duty Id was taken. This document was amongst other personal Keep sakes of personal importance. The Plaintiff ability to keep personal records secure was damaged.

75. On or about Sept 18, 2007 Wally Bergstrom took control of personal property of Plaintiff in that copies of personal mail and other effects were taken. This document was amongst other personal effects of importance. The Plaintiff ability to keep personal records secure was damaged.

76. During both instances Plaintiff being a former law enforcement office, knew under Illinois Law not to resist what he known to be false arrest and other violation of rights.

77. Days preceding each false arrest a report to the FBI was made. No known action was ever disclosed

78. Each time Plaintiff appeared at Court, the Plaintiff asked for the Illinois State's Attorney office knowing the actions to be wrongful on part of the defendants in this case to levy appropriate charges, no known action was ever disclosed.

79. Plaintiff reported circumstances to each responsible Illinois State attorney of the Lake County State's Attorney's Office.

80. Plaintiff college course load suffered greatly due to this harassment. The first four weeks the Plaintiff who has been taking course since 1994 was barred from the improper documented I-bond and direction of threats CLC public Safety officer Wally Bergstrom Jr. With CLC Public Safety Officers following Plaintiff on campus grounds, Plaintiff was only able to maintain one of several classes registered for. The college Harassment policy was used, but no department wanted to argue with CLC Public safety. Acting President had more important things than to hear harassment complaints

81. Since the false arrest Plaintiff has developed a fear of uniforms, especially police officers, so much it has effected his abilities to drive and prompted defendant not to renew his license. This fear has emotional prices and cuase the plaintiff to suffer humiliation each time he takes a cab from where public

transportation stops. This has severely limited his ability to make decent income and certainly keeps him from making normal and increasing income before this harassment began. Plaintiff has nightmares about public safety officers and right violations experienced at the college of lake county to a debilitating degree.

82. CLC Veteran Assistance office denied Veteran benefits to the Plaintiff; paperwork was properly submitted by Plaintiff's Father and Stepmother, as plaintiff was barred from the grounds. It is believed by the Plaintiff only reason this was done was because of communication from CLC Public Safety officer Wally Bergstrom Jr. These benefits are now lost due to expiration period.

83. CLC Financial aid packet was denied despite that information submitted. It is believed by the Plaintiff only reason this was done was because of communication from CLC Public Safety officer Wally Bergstrom Jr. Further due to plaintiff inability to be able to submit or answer questions, his parents had to file his financial applications.

84. Each CLC Public Safety Officer had a duty and responsibility to protect all citizen(s) from Civil Right violations and violation of Illinois Statues, and each acted willfully and wantonly, maliciously, and with conscious disregard and deliberate indifference to Plaintiff's rights.

85. Each employee within the College of Lake County Department of Public safety had similar duty to prevent misuse of privileged information and should have reported violation of civil rights by officers working under department to supervisors and proper authorities.

86. College of Lake County Director of Public Safety failed to develop practices, policies, training and procedures to protect individuals from civil right violations and therefore the College of Lake county also failed these tasked and of which is directed to trustee of educational institutions.

87. College of Lake County Director of Public Safety failed to develop practices, policies, training and procedures to protect individuals from harassment and therefore the College of Lake county also failed these tasked and of which is directed to trustee of educational institutions

88. College of Lake County Director of Public Safety failed to develop practices and procedures to protect individuals from those whom would engage in retaliatory actions and engage in official misconduct and therefore the College of Lake county also failed these tasked and of which is directed to trustee of educational institutions.

89. College of Lake County Director of Public Safety and possibly the CLC Board of Trustee have failed to hire and train employees within the department as

required in Illinois State Statue and evident by lack of proper form completions and reporting documents and above all professional conduct.

90. It is the belief of the Plaintiff at some unknown point, knowing this suit would come about from failing to take corrective actions; they have changed College of Lake County Department of Public Safety to College of Lake County Police Department. Further the plaintiff believes these actions during discovery may violate Illinois state law and misrepresentation of those qualified to wear a police badge, as police officers..

91. The retaliatory action of any public servant gives Plaintiff gravest concerns to their physiological ability to proper perform duties of law enforcement.

92. As a direct and proximate result of the acts of the defendants described above, Plaintiff has suffered damages, including loss of money, loss of property, loss liberty, has endured emotional distress, physical pain and suffering, humiliation, and pecuniary damages to include but not limited to loss of income estimated at 2.6 million dollars which include only the losses of government/military pay, retirement and benefits, and other damages and disrupted of business and personal life of the plaintiff through defamation, slander and outright false swearing. Plaintiff has suffered a horrible loss concerning his government security clearance and although the false police report charges were dismissed in plaintiff's favor, it is unlikely the level of clearance which plaintiff had to serve on presidential protective detail for President Clinton during his time in office while visiting Chicago, will never be regained. Plaintiff educational goals and timeline for future endeavors are ruined as educational goals necessary to meet deadlines of age are pass which supports loss of income.

## COUNT I
### (42 U.S.C. § 1983 – Violation of Civil rights – False Arrest and Detention Claim)

93. Plaintiff Realledges paragraphs 36; through 59 and 77 through 92 as if fully set forth herein.

94. Defendants violated Plaintiff's Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from the use of excessive and unreasonable force.

95. Defendants were never employed to execute an out of state warrant from the Local State Court having jurisdiction, yet acted as if they had been, with the knowledge The original agency didn't want to extradite per records from May15, 2007.

96. Deprivation was accomplished by acts or omissions of the defendants under the color of law.

## COUNT II
### (42 U.S.C. § 1983 – Violation of Civil rights – False Arrest and Detention Claim)

97. Plaintiff Realledges paragraphs 60 through 92 as if fully set forth herein.

98. Defendants violated Plaintiff's Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from the use of excessive and unreasonable force.

99. Deprivation was accomplished by acts or omissions of the defendants under the color of law.

## COUNT III
### (42 U.S.C. § 1983, 1985 – Conspiracy Claim)

100. Plaintiff Realledges paragraphs 1 through 92. and information mentioned in Count I - (42 U.S.C. § 1983 – Violation of Civil rights – False Arrest and Detention Claim)

101. Defendants , acting together and under color of law, reached an understanding and agreement. Engaged in course of conduct and otherwise conspired among and between themselves to deprive Plaintiff of his rights under the Fourth Amendment and Fourthteeth Amendment to the Constitution of the United States to be secure in their person, papers and effects against unreasonable searches and seizures, and in fact deprived him of said rights.

102. Defendants' conspiracy was direct and proximate cause of the deprivation of said constitutional rights, and the conspiracy was formed and joined with malice, willfulness and reckless indifference to the rights of others.

103. Deprivation was accomplished by acts or omissions of the defendants under the color of law.

## COUNT IV & COUNT V
### (42 U.S.C. § 1983 – Violation of Civil rights –Illegal Search and Seizure)

104. Plaintiff Realledges paragraphs 1 through 92 as if fully set forth herein.

105. Defendants violated Plaintiff's Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from the use of excessive and unreasonable force, twice on different occasions.

106. Deprivation was accomplished by acts or omissions of the defendants under the color of law on August 15 2007 (Count IV) and Sept 18 2007 (Count V)

## COUNT VI & COUNT VII
### (42 U.S.C. § 1983 – Violation of Civil rights –Excessive Bail & Cruel and unusual Punishment)

107. Plaintiff Realledges paragraphs 1 through 84 as if fully set forth herein.

108. Defendants violated Plaintiff's Eighth Amendment right, as guaranteed by the Eighth Amendment, to be free from excessive bail and unusual punishment inflicted, twice on different occasions..

109. Deprivation was accomplished by acts or omissions of the defendants under the color of law on August 15 2007 (Count VI) and Sept 18 2007 (Count VII)

110. Defendant Wally Bergstrom Jr. knowingly levied false charges and banned Plaintiff from public areas and his assigned classrooms. Further by illegally taken custody of Plaintiff time held was punishment in and of itself by his design.

## COUNT VIII
### (42 U.S.C. § 1983 – Violation of Civil rights – Excessive Force)

111. Plaintiff Realledges paragraphs 1 through 84 as if fully set forth herein.

112. Defendants violated Plaintiff's Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from the use of excessive and unreasonable force. While both false arrests involved battery, illegal detainment and natural both are examples of excessive force, plaintiff wants first occasion to support the second instance where plaintiff was man-handled in an unwarranted aggressive manner.

113. Deprivation was accomplished by acts or omissions of the defendants under the color of law.

## COUNT IX
### (42 U.S.C. § 1983 – Violation of Civil rights – Failure to Intervene)

114. Plaintiff Realledges paragraphs 1 through 84 as if fully set forth herein

115. Plaintiff was subjected to excessive force and deprivation of constitutional rights as described above, Defendant Officers had an opportunity to intervene, but chose not to intervene.

116. Defendant Officers were deliberately indifferent to Plaintiff's right to be free from excessive and unreasonable forces, and personal possessions secure.

## COUNT X
### (Indemnification Claim Pursuant to 745 ILCS 10/9-102)

117. The acts of the Defendant Officers described in Counts I through Counts VII were willful and wanton, and committed in the scope of employment.

118. Pursuant to the Illinois Tort Immunity Act, 745 ILCS 10/9-102, Defendant Employer is liable for any judgments in this case arising from the Defendant Officers' actions.

119. Plaintiff made every effort to notify the Defendant Employer for them to take corrective action, as Plaintiff realledges paragraphs 1 through 78 as if fully set forth herein.

## COUNT XI
### (State Law Claim – 720 ILCS act 5, sec. 33-3 -- Official Misconduct)

120. Plaintiff Realledges paragraphs 1 through 92 as if fully set forth herein

121. On or about August 15, 2007 College of Public safety officer Wally Bergstrom Jr. on the grounds of the College of Lake county located in Lake County , Illinois did unlawfully commit the offense of official misconduct.

122. Defendant Wally Bergstrom Jr. took it upon himself to misuse his position and employment in acts of revenge upon Plaintiff while acting under the color of law and in the employment of the Defendant employer, falsely arresting plaintiff, issuing false citations, engaging in harassing behavior, disclosing privileged information some of which may have been false, overstepping professional conduct

123. Defendant Wally Bergstrom Jr. Actions in violating a citizen's human rights under Illinois Statues of arrested persons, also indicate such behavior as official misconduct

124. Defendant Wally Bergstrom Jr. willfully, wantonly did everything he could do to disrupt Plaintiff's life as mentioned in Paragraphs one through 77..

## COUNT XII THROUGH COUNT XVII
### (State Law Claim – 720 ILCS act 5, sec. 32-3 -- Perjury)

125. Plaintiff Realledges paragraphs 1 through 92 as if fully set forth herein

126.     On or about August 15, 2007 College of Public safety officer Wally
          Bergstrom Jr. on the grounds of the College of Lake county located in Lake
          County , Illinois did unlawfully commit the offense of; Perjury five times in
          issuing two false non traffic complaints and three false traffic complaints.(Count
          X through Count XV)

127.     Defendant Wally Bergstrom Jr. took it upon himself to Justify an illegal
          false arrest by issuing citations he knew nothing about filling out, when his plan
          to get Plaintiff extradited failed.

128.     Defendant Wally Bergstrom Jr. Was not aware of the facts of how warrant
          arrests are made or for that matter how normal probable cause arrest are
          deemed justified, he wanted to yield the power of arrest for harmful purposes
          and gloated as such in front of the Plaintiff...

## COUNT  XIX THROUGH COUNT XXI
### (State Law Claim – 720 ILCS act 5, sec. 32-3  -- Perjury)

129.     Plaintiff Realledges paragraphs 1 through 92 as if fully set forth herein

130.     On or about Sept 18, 2007 College of Public Safety Officer Wally
          Bergstrom Jr. on the grounds of the College of Lake County located in Lake
          County , Illinois did unlawfully commit the offense of Perjury; three additional
          times in issuing another set of false charges upon three false traffic
          complaints.(Count  XVI through Count XVIII)

131.     Defendant Wally Bergstrom Jr. took it upon himself to Illegally stop
          Plaintiff, arrest him, take him into custody, tow Vehicle driven and issue three
          false charges. He was assisted my a unnamed CLC public safety officer named
          herein as a defendant officer.

## COUNT  XXII THROUGH COUNT  XXIII
### (State Law Claim – 725 ILCS act 5, sec. 103-2(c) & 725 ILCS act 5 sec 103-2 (b) - Denied Human Treatment of Accused which qualifies as another count of Official Misconduct under 720 ILCS act 5 sec 103-8)

132.     Plaintiff Realledges paragraphs 1 through 84 as if fully set forth herein

133.     Plaintiff during illegal false arrest on August 15, 2007 asked to be escorted
          to the facilities as his kidney problem had a urgent matter and was not allowed
          to go while in custody, but told if I signed the documents I would be free to use
          the facilities. Defendant Wally Bergstrom Jr. Refused the accused his rights.

134.     Plaintiff during illegal false arrest on Sept 18, 2007 asked to Phone to call an attorney, family member Illinois state attorney OR former fellow officer at GLPD "Great Lakes Police Department" and was not allowed while in custody, Defendant Wally Bergstrom Jr. Refused the accused his rights

## RELIEF SOUGHT FOR ALL COUNTS "I" THROUGH "XXIII"

135. WHEREFORE, plaintiff asks that this Honorable Court; on each count and those counts which may be added after formal discovery
   a) Enter Judgment against Defendant- Officer Wally Bergstrom Jr. when Applicable
   b) Enter Judgment against Defendant- Officers when Applicable
   c) Enter Judgment against Defendant Employer when Applicable,
   d) Enter Judgments that are just with the wrongs committed
   e) Award Plaintiff compensatory damages determined by the court as just
   f) Award Plaintiff pecuniary damages the court finds just
   g) Issue an injunctive relief order barring those whom may be found guilty of civil right violations from working in criminal justice field, to include court order demanding Illinois department of professional regulation to investigate and discipline offending licensee(s)
   h) Grant order to Plaintiff requiring College to strike last semester of attendance from students record in which student faced horrific harassment.
   i) Award Pro Se Fees and costs
   j) Award Pro Se appointed Attorney if obtained attorneys' fees and costs, and
   k) Award any further relief that this honorable court deems just and equitable.

Collective for any and all Counts; from counts one through twenty-three to found in favor of the Plaintiff, Plaintiff seeks this court to Award punitive damages in excess of 20 million dollars or other amount court determines appropriate. Plaintiff feels 20 million will be enough to prompt Defendant employer to undertake changes in hiring procedures, change training and improve policies across the department of public safety to ensure these wrongs are never committed again.

In support of this determination are two factors
   1. Plaintiff realizes the according to internet published records, College of Lake County Foundation has developed a balanced budget of 88 million dollars in uncertain state and federal funding, that any judgment(s) asked of the College of Lake County will be passed onto the future students,
   2. Plaintiff recently learned each semester the college has roughly 17000 students if paying a minimum semester tuition fee and taking full load 3 semesters per year, based on tuition alone the, college generates around 62 million a year.

Therefore it is in answering the civil complaint form, Plaintiff documents asking for 44 Million dollars.

## PLAINTIFF ADDITIONAL REQUEST

### (College of Lake County Policy violation)

136.  Plaintiff realledges Paragraphs one through 92 and all Counts I through XXIII and any other supplemental counts which may not been mentioned within this complaint pending formal discovery which may be presented at later time in a amended Complaint.

137.  Plaintiff formally requests based upon favorable decisions of any combination of Counts I through Counts XX, Has special request concerning CLC harassment policy. That the Court order the college to do the following in addition to awarding all other requested relief.
   a.  Defendant Wally Bergstrom be immediately fire, based upon one or all or any combination of Counts proven, make him unfit for the position
   b.  Defendant officer (known as a big African-American), who indicated he worked with Round Lake Police Department, also be fired based upon one or all or any combination of Counts proven, make him unfit for the position. As well as any other employed CLc Public safety officer whom my virtue of another position has sworn duty to protect citizens for government bodies of authority outside employee from College of Lake County..
   c.  College of Lake County should replace the Director of Public safety, having officers run ramped without control.
   d.  All other Supporting Defendant officers  be given formal letter of reprimands.
   e.  All employee involved also receive formal letter of reprimands.
   f.  College of Lake County College overhaul it employee training and hiring practices to include a psychological review.
   g.  College Clear Fall 2007 semester from Plaintiff's transcript as incorrect as it is while the student was facing overwhelming harassment.
   h.  College waive all fees, tuition associated fall 2007 semester.

## PLAINTIFF SPECIFIC RETIREMENT PLANS AND INCOME LOSSES

138.  Plaintiff until Defendants inappropriate conduct was on a path to finish his contractual military obligations until securing Bachelors degree from a four year university, after acquiring four associates degrees from College of Lake County, at which time he would move over to Officer position within the US NAVY full time for five years, then returning to reserve status working for a good size retirement, however the Defendant's action has caused serious financial harm to the Plaintiff in losing Military pay and Military retirement and retirement

benefits accumulative to an estimated loss of $1.4 million dollars, assuming Plaintiff lives to 80yrs of age.

139.   Defendant's action has cause serious and possible irreversible harm to Plaintiff governmental service ability, estimated loss of income and retirement of approximately $1.3 million dollars, assuming Plaintiff lives to 80yrs of age, As the Plaintiff ability to return to federal service has been compromised with false information despite dismissals any agency rehiring is unlikely.

140.   Defendant actions resulting in ruining personal part-time business is estimated loss of $400,00.00, maybe more depending on clientele.

141.   Plaintiff's  loss of vehicle and other harm are estimated in the thousands.

142.   Plaintiff's unresolved medical condition due to failure to provide proper accident report in timely fashion as required by Illinois statues.

143.   Plaintiff's humiliation both form illegal contact with family friends and old neighbors to that of fellow students and professors whom observed me handcuffed and dragged down the hall, is a un-measureable loss.

## PLAINTIFF SPECIAL REQUEST – LIMITED TRANSPORTATION

144.   Plaintiff has limited resources due to harassment and harmful actions for which this suit hopes to make right.

145.   Plaintiff is also suffering a phobia of uniformed persons and emergency vehicles currently untreated but present.

146.   Plaintiff currently is unlicensed due to being stranded in this state and forced to take up residency, having no vehicle of his own registration, Plaintiff has no need to submit an application for Illinois Drivers license since returning to live here effective late October 2008..

147.   Plaintiff travels by Metra, so it is requested all future court dates, scheduling meetings and discovering meetings take place in the afternoon and limited to a Special two week advanced notice.

148.   If at all possible Plaintiff would like to use in addition to mailing required documents, email capabilities to ensure maximum receipt of documents and notices. It is unknown if allowed within the federal court rules, since the evolution of internet related communication and document delivery enhancements occurred some time ago.

The aforementioned complaint and all factual allegations and counts are known to be true to the Plaintiff to the best of his abilities and that requested relief while

unable to reverse time and put things right or to make Plaintiff entirely whole, is just and amicable for the suffering, expense and wrongs done to Mr. William Shanklin, I attest by signing below

William Shanklin
Plaintiff Pro Se
92 East Grand Ave. APT1
Fox Lake Il. 60020
832-634-6931
Shanklin_william@yahoo.com